IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) | |
|---|---|---|
| | ) | CR 8-393 |
| v. | ) | CV 13-1425 |
| TIMOTHY SUNDAY | | |

**MEMORANDUM ORDER**

In this action, Defendant pleaded guilty to one Count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g)(1). On August 11, 2011, he was sentenced to a term of 180 months imprisonment. His sentence rested, in part, on the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Before the Court is Defendant's Amended Motion to Vacate pursuant to 28 U.S.C. § 2255, arguing that his sentence is no longer valid under Johnson v. United States, __ U.S. __, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and its progeny.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

The Government first contends that Defendant bears the burden to demonstrate that his sentence was, in fact, based on ACCA's residual clause, and that he cannot so demonstrate in

1

this case because the record is silent on the issue. In a variety of contexts, courts have declined to impose on habeas petitioners the type of burden that the Government urges in this case.[1] See, e.g., Dixson v. United States, 2016 U.S. Dist. LEXIS 172933 (S.D. Fla. Dec. 12, 2016) (collecting cases); see also United States v. Evans, 2015 U.S. Dist. LEXIS 172471, at *6 (W.D. Pa. Dec. 29, 2015). Indeed, I would be leery of imposing such a burden, which poses the danger of "hing[ing] an inmate's entitlement to relief not on whether Johnson affected his sentence but on whether the sentencing judge uttered certain 'magic words' it was not even required to use." In re Eusebio-Berroa, 2016 U.S. App. LEXIS 18839, at *9 (11th Cir. Aug, 25, 2016) (Pryor, J., concurring). In any event, in this case, it appears that Defendant's burglary convictions could only have qualified as predicates under the residual clause. United States v. Wolf, 2016 U.S. Dist. LEXIS 150230, at *14 (M.D. Pa. Oct. 31, 2016).

In terms of substance, the Government appears to concede that Defendant's burglary conviction is not a legitimate predicate.[2] Instead of responding to Defendant's argument regarding the burglary conviction, it argues that even absent the burglary offense, Defendant has additional prior convictions that would support his ACCA sentence. Those other convictions, however, were not identified in the Presentence Report ("PSR") as the basis for career offender status, and thus were not adopted by the Court as a basis for an ACCA sentence. Instead, the PSR clearly identified three predicate offenses, referred to by their County Court docket numbers, on which the enhancement was based: one for robbery, one for burglary, and one for a

---

[1] The cases on which the Government relies are inapposite. In United States v. Dobbin, 629 Fed. Appx. 448 (3d Cir. 2015), the record did not indicate that the sentencing court relied on the residual clause of U.S.S.G. 4B1.2(a), and the challenged prior conviction qualified under the "force" clause. United States v. King, 2016 U.S. Dist. LEXIS 108799 (W.D. Pa. Aug. 17, 2016), has been vacated. United States v. King, 2016 U.S. Dist. LEXIS 166081 (W.D. Pa. Sept. 27, 2016).

[2] Within this Circuit, it has been held that under the categorical approach, Pennsylvania burglary statute, 18 Pa.C.S.A. § 3502, does not qualify under ACCA's enumerated offense clause. E.g., United States v. Harris, 2016 U.S. Dist. LEXIS 117070, at *26 (M.D. Pa. Aug. 31, 2016). Further, Section 3502 has been held indivisible, and not subject to a modified categorical approach. Id. at **29-31.

2

drug offense.  The Court expressly adopted the factors relevant to sentencing contained in the PSR.  As I have stated elsewhere, "[i]t may well be that these [other] convictions would support the same sentence as that originally imposed, but they did not in fact form the basis of Defendant's sentence. Accordingly, to that extent, Defendant has not had the benefit of a full and fair hearing, or other proceedings that typically occur prior to sentencing." <u>United States v. McColley</u>, 2016 U.S. Dist. LEXIS 38760, at *7 (W.D. Pa. Mar. 24, 2016).

Defendant's Motion is granted, to the extent that his ACCA sentence was not based on three valid predicate offenses.  Accordingly, his sentence is vacated.  The Clerk of Courts shall transfer this matter to Judge Cercone, who will determine and conduct the appropriate proceedings going forward.

AND NOW, this 20th day of January, 2016, IT IS SO ORDERED.

BY THE COURT:


/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

United States District Court